# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-508(L)

**Caption [use short title]:** United States v. William Coset,

**Motion for:** to be relieved as counsel.

**Set forth below precise, complete statement of relief sought:**

I seek to be relieved as counsel pursuant to Anders v. California, 386 U.S. 738 (1967), on dockets 22-508, 22-1001, 22-1146, 22-1625, 22-1656, 22-1786, and 22-3114.

**MOVING PARTY:** William Cosme
**OPPOSING PARTY:** USAO SDNY

- [ ] Plaintiff
- [ ] Defendant
- [✔] Appellant/Petitioner
- [ ] Appellee/Respondent

**MOVING ATTORNEY:** Stephanie Carvlin
**OPPOSING ATTORNEY:** AUSA Noah Solowiecjczyk

[name of attorney, with firm, address, phone number and e-mail]

Law Office of Stephanie Carvlin - Stephanie Carvlin
140 Broadway, Suite 4610, NY, NY 10005
917-549-0873; carvlin@hotmail.com

Noah Solowiejczyk - Office of US Attorney SDNY
One St. Andrew's Plaza, NY, NY 10007
212-637-2473; noah.solowiecjczyk

**Court-Judge/Agency appealed from:** Loretta A. Preska, United States District Court SDNY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes [ ] No (explain):

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [✔] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested? [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✔] No If yes, enter date:

**Signature of Moving Attorney:**
/s/ [signature] Date: 3/8/2023 Service by: [✔] CM/ECF [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------x
UNITED STATES OF AMERICA,               :
                                                Dockets: 22-508, 22-1001, 22-1146,
        Appellee,                       :       22-1625, 22-1656, 22-2786, 22-3114

        -v-                             :       DECLARATION

WILLIAM COSME,                          :

        Defendant-Appellant.            :
------------------------------------------------------------x
```

STEPHANIE M. CARVLIN, hereby states under penalty of false statement that the following is true:

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

1. I am counsel for William Cosme, the appellant in the seven above-referenced criminal appeals pending before this Court.

2. On March 21, 2017, a jury found Mr. Cosme guilty of wire fraud and aggravated identity theft. The District Court sentenced Mr. Cosme to a term of incarceration of 87 months on the wire-fraud count and to the mandatory two-year consecutive term of imprisonment on his conviction for aggravated identity theft.

3. Mr. Cosme appealed to this Court. This Court affirmed Mr. Cosme's convictions but remanded for resentencing because of an error in the calculation of Mr. Cosme's Guidelines. *See United States v. Cosme*, 17-1759(L), 2021 WL 2964322, at *5 (2d Cir. July 15, 2021). During the remand, Mr. Cosme has filed several motions. The District Court's denial of seven of those motions forms the

basis for the appeals pending under dockets 22-508, 22-1001, 22-1146, 22-1625, 22-1656, 22-1786 and 22-3114.

## **STATEMENT OF THE ISSUES RELEVANT TO THIS MOTION**

4. In dockets 22-508 and 22-1625, Mr. Cosme seeks to argue that the District Court erred by refusing to order the Taejon Christian International School ("TCIS"), the purported victim of Mr. Cosme's offenses, to enter into arbitration with him and to pay legal fees he incurred in defending against this criminal prosecution thus far and fees he might incur going forward.

5. In dockets 22-1001 and 22-1146, Mr. Cosme challenges the District Court's determination that this Court's remand dictates a limited, not a *de novo*, resentencing.

6. In docket 22-1656, Mr. Cosme contests the District Court's decision to permit his then counsel in the District Court to withdraw and to appoint alternate counsel on that case.

7. In docket 22-1786, Mr. Cosme argues that the District Court lost jurisdiction when he filed several of the notices of appeal that gave rise to the appeals at issue here.

8. In docket 22-3114, Mr. Cosme argues that the District Court erred by refusing to appoint counsel to represent him in presenting a petition for writ of *certiorari* to challenge this Court's July 15, 2021 decision in *United States v. Cosme*, 2021 WL 2964322, at *5.

2

9. As required by the United States Supreme Court's decision in *Anders v. California,* 386 U.S. 738 (1967),[1] I have thoroughly reviewed the record in this case to determine whether there are any non-frivolous issues I can present in these appeals.

10. I read hundreds of documents filed by Mr. Cosme *pro se* or through counsel in the District Court to glean the necessary background for understanding the issues he seeks to raise in these appeal.

11. I read the briefs filed in Mr. Cosme's appeal in this Court under docket 14-1625 and under docket 17-1659(L).

12. To determine what issues could be presented on these appeals now pending before this Court, I also had to thoroughly review the dockets for both prior appeals. There are approximately 85 docket entries in 14-1625 and approximately 478 docket entries in 17-1659(L).

13. I conducted legal research on the following topics, among many others: the arbitration rules and procedures established under 9 U.S.C., Chapter 1; whether a sentencing following remand should be *de novo* or limited; the exercise of ancillary jurisdiction by a District Court; Federal Rule of Evidence 609; the standards for relieving counsel and assigning alternate counsel; when the filing of a notice of appeal divests a District Court of jurisdiction; and when an appellant is entitled to counsel to file a petition for writ of *certiorari*.

---

[1] This Court's decision in *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), is not implicated in these appeals through which Mr. Cosme challenges orders issued by the District Court before the entry of judgment following remand by this Court in *United States v. Cosme*, 17-1759-cr(L), 2021 WL 2964322, at *1 (2d Cir. July 15, 2021).

14. However, after an extensive review of the record and extensive legal research, I have been unable to identify any non-frivolous issue that I could raise in these appeals. In my *Anders* brief, I detail my review and analysis of the material. I included any information that I believe could support the arguments Mr. Cosme seeks to make.

**COMPLIANCE WITH THIS COURT'S RULES REGARDING ANDERS BRIEFS**

15. I have complied with this Court's rules for filing an *Anders* brief.

16. On March 8, 2023, I mailed a letter to Mr. Cosme in which I told him that I was filing an *Anders* brief and advised him that the filing of an *Anders* brief would probably result in dismissal of these appeals. I informed Mr. Cosme that he has the right to request assignment of new counsel or to file a *pro se* brief.

17. He does seek assignment of new counsel.

18. I also mailed to Mr. Cosme a copy of the *Anders* brief I will file with this Court, complete except for citations to the appendix.

19. I have consulted with the Assistant United States Attorney who is representing the government in this appeal, and the government has not yet decided whether to oppose this motion.

**WHEREFORE**, for all the reasons stated herein, I respectfully ask that the Court: 1) grant this motion and relieve me as Mr. Cosme's counsel in this appeal, and 2) assign alternate counsel.

March 8, 2023
New York, New York

4

_____/s/_____
Stephanie M. Carvlin

cc: William Cosme (via email)
Assistant U.S. Noah Solowiejczyk (via ECF)

5

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
---------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | DECLARATION OF SERVICE |
| Appellee, | : | |
| | : | Dockets: 22-508, 22-1001, 22-1146 |
| -v- | | 22-1625, 22-1656, 22-1786, 22-3114 |
| | : | |
| WILLIAM COSME, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |

---------------------------------------------------------x

I, STEPHANIE M. CARVLIN, state the following under penalty of false statement.

1. I have complied with this Court's rules for filing briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967).

2. On March 8, 2023, I mailed an unbound copy of my *Anders* brief to Mr. Cosme, complete except for page citations to the appendix.

3. On March 8, I also mailed Mr. Cosme a letter advising him that I was filing an *Anders* brief and telling him the filing of an *Anders* brief will probably result in dismissal of his appeals and affirmance of the District Court's orders on each of the appeals.

4. I advised Mr. Cosme that he has a right to request that new counsel be assigned and that he had the right to file a brief *pro se* within 14 days after receipt of my *Anders* brief, and that he must immediately write to the Court and notify the Court of his intention to do so.

5. In addition, on March 8, 2023, I mailed Mr. Cosme a copy of this motion, through which I seek to be relieved on this appeal.

6. I mailed these documents to the address Mr. Cosme's provided to me for this purpose: William R. Cosme, Reg. 67795-054, 104 Gold Street, Brooklyn, NY 11201.

7. Mr. Cosme advised me that he does want the Court to assign alternate counsel.

New York, New York
March 9, 2023

_____/s/_____
Stephanie M. Carvlin

cc: Assistant U.S. Attorney Noah Solowiejczyk (via ECF)

2